**WACO MANUFACTURING COMPANY,**
a corporation, Plaintiff,

v.

**SYMONS CLAMP & MFG. CO., Inc.,**
a corporation, Defendant.

Civ. No. 5131.

United States District Court
D. Minnesota, Fourth Division.

Sept. 30, 1955.

John D. Gould (of Merchant & Merchant), Minneapolis, Minn., appeared in behalf of plaintiff in support of said motion.

George F. Williamson (of Williamson, Schroeder, Adams & Meyers), Minneapolis, Minn. (Norman H. Gerlach, Chicago, Ill., of counsel), appeared in behalf of defendant in opposition thereto.

NORDBYE, Chief Judge.

Plaintiff has instituted the above action in this District for a declaratory judgment declaring defendant's patent No. 2,702,422 invalid and declaring that plaintiff's concrete wall form does not constitute an infringement of any valid claim of that patent. It also requests the issuance of a permanent injunction against defendant from harassing or intimidating plaintiff's customers with re-

spect to claims under said patent. This suit was commenced on April 26, 1955. Defendant interposed a counterclaim seeking to enjoin plaintiff from infringing its patent and from committing acts of unfair competition, together with other relief. It appears that thereafter on April 27, 1955, defendant commenced an action in the Northern District of Illinois against plaintiff, Henry P. Albrecht, its president, and two residents of Illinois, to wit, Robert Terry and William Williamsen, who are plaintiff's exclusive distributors in Illinois. That suit involves the validity of defendant's patent, the alleged infringement of plaintiff's distributors in Illinois, and the alleged unfair competition of these two defendants. Apparently it is recognized that jurisdiction has not, and cannot, be obtained in Illinois as to Henry P. Albrecht and the plaintiff, so that the defendants in the Illinois suit will be limited to Terry and Williamsen. Plaintiff sets forth, however, in this motion that it is financially responsible for all the expenses incurred by Williamsen and Terry in the Illinois suit, and urges that to have two suits pending involving substantially the same issues would be a needless duplication of litigation. Plaintiff points out that a favorable judgment for it on the patent phase of this litigation would bar this suit in Illinois. Hence, it urges that the Illinois suit should be stayed until the outcome of the litigation in this District. The suit in Minnesota, while at issue, has not been reached for trial. Plaintiff recognizes that it is not entitled to injunctive relief as a matter of right, but urges that the relief requested is nevertheless in the Court's sound discretion in view of the admitted facts and circumstances.

At the outset, it must be noted that the Minnesota suit and the Illinois litigation are not against the same parties. Moreover, the question of unfair competition as to the plaintiff here and as to Terry and Williamsen in Illinois is not necessarily based upon the same showing. Williamsen and Terry were former employees of the defendant in Illinois. Their activities, therefore, in so far as unfair competition is concerned, may be based upon entirely different facts and circumstances than those which are alleged in the Minnesota litigation. Although defendant does business in Minnesota and thus is subject to the jurisdiction of this Court, its principal place of business is in the District of Illinois at Chicago. The mere fact that the Minnesota suit was commenced a day before the Illinois litigation, which is against parties who are not involved in the Minnesota litigation, does not suggest to this Court that defendant should not be permitted to pursue its patent litigation and unfair competition in its own domicile. Defendant did not initially institute any proceeding in this forum. Plaintiff did not wait until it was sued for infringement of defendant's patent, but proceeded under the Federal Declaratory Judgments Act. Under such circumstances, it does not seem persuasive to suggest that the Court, under the guise of judicial economy, should stay a direct action for infringement instituted by the patentee in its own District and against entirely different parties. Granted that there may be situations where a manufacturer engaged in an earlier suit as to the validity of a patent by the patentee should be permitted to enjoin the patentee's later suit against the manufacturer's representatives in another District, the present showing does not seem to justify such extraordinary action. It must be emphasized again that here the defendant did not seek this forum to test the validity of its patent, and then notwithstanding bring another action against the alleged infringer's representatives in another District. An infringement suit instituted against plaintiff's representatives, or perchance against one who bears no relationship to the plaintiff after the above litigation was under way might be considered judicially uneconomical, but would not necessarily warrant interference by this Court by way of injunctive proceedings. The Court has considered the cases cited by plaintiff and defendant, and is constrained to

find that, under the admitted facts and circumstances here, the Court in the exercise of its sound discretion should deny the injunction at this time. Whether the Court should entertain an application for injunctive relief with reference to the Illinois litigation at some future time will depend upon the facts and circumstances which are then made to appear.

It is ordered, therefore, that plaintiff's motion to enjoin the defendant from proceeding against one Robert Terry and one William Williamsen in Civil Action 55C624 in the United States District Court for the Northern District of Illinois be, and the same hereby is, in all things denied.

An exception is allowed.